UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LARRY JAY PRITZ, | ) | CASE NO. C06-0376-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ROBERT J. PALMQUIST, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## INTRODUCTION

Petitioner is a federal prisoner who has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was recently in federal custody for a parole violation and asserts that he was denied credit for a period of 62 days, from January 26, 2005 to March 30, 2005. Petitioner was released from custody on May 11, 2006. As a consequence, and as further described below, the court concludes that his petition is moot and should be dismissed.

## PROCEDURAL HISTORY

Petitioner was convicted in approximately 1987 of the manufacture and possession of methamphetamine and was sentenced to 21 years of imprisonment. *See United States v. Pritz*,

REPORT AND RECOMMENDATION
PAGE -1

1989 WL 79849 (Unpublished Memorandum Disposition, 9th Cir. 1989). After being initially released in 1996, petitioner returned to custody several times due to parole violations. Most recently, petitioner's parole was revoked on June 21, 2005. (Doc. #12, Ex. 1). He was released to a halfway house on May 11, 2006 and his parole expired on May 28, 2006. (*Id.*, Declaration of Theresa Talplacido) ("Declaration").

Petitioner filed the instant petition for a writ of habeas corpus on April 19, 2006. (Doc. #7).[1] Respondent filed his response on May 23, 2006. Petitioner has not filed a reply to the response, and the petition is now ready for consideration.

## DISCUSSION

Petitioner argues that respondent improperly refused to credit him for time spent in custody between January 26, 2005 and March 30, 2005. (Doc. #7 at 3). Respondent responds that the 62-day period was not counted towards the most recent term of petitioner's confinement because the warrant for the underlying parole violation was not executed until March 30, 2005. (Declaration at 2). Respondent argues that, in any event, the petition is now moot because petitioner's parole has expired and furthermore, petitioner has failed to exhaust his administrative remedies.

While the record before the court does not appear to conclusively answer the question of whether petitioner's sentence was properly calculated, the court need not resolve this issue as the expiration of petitioner's parole has rendered the matter moot. Where, as here, a petitioner does not challenged the validity of his conviction, but rather only seeks an earlier release date, the

---

[1] Petitioner originally submitted the petition on March 17, 2006, but did not pay the filing fee until April 19, 2006, and, consequently, the petition was not filed until that date.

01 petition becomes moot when petitioner is released from custody.  *See Fendler v. U.S. Bureau of*

02 *Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (finding that release of petitioner on parole mooted

03 his petition seeking earlier release date on the grounds that Parole Commission had improperly

04 delayed his release); *Brady v. United States Parole Comm*., 600 F.2d 234, 236 (9th Cir. 1979)

05 (same).  In the instant case, as in *Fendler* and *Brady*, the only redress petitioner seeks is release

06 from custody, which has already occurred.  Accordingly, his petition for a writ of habeas corpus

07 is moot.

08 <center>CONCLUSION</center>

09      For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be

10 dismissed as moot.  A proposed Order is attached.

11      DATED this <u>10th</u> day of July, 2006.

12

13                        Mary Alice Theiler
                       United States Magistrate Judge

14

15

16

17

18

19

20

21

22